UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

MICHAEL MCGUIRE JR.,

    Plaintiff,

v.

JEFFREY HAYNES, individually,
d/b/a THE WIRING GUYS

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL MCGUIRE JR. ("Plaintiff"), pursuant to *29 U.S.C. § 216(b),* hereby files the following Complaint against Defendant, JEFFREY HAYNES d/b/a THE WIRING GUYS ("HAYNES" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendant's violations of the FLSA against Plaintiff during the course of his employment and to recover additional damages arising from Defendant's wrongful discharge of Plaintiff shortly after he lodged written complaints about unlawful overtime practices committed by Defendant.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the state of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, was an individual operating a non-registered company in the State of Florida with the fictitious name "The Wiring Guys."

4. Defendant regularly transacted business in Brevard County, Florida, within the jurisdiction of this Honorable Court.  Defendant operates its principal location at 2111 Gandy Rd. SW, Palm Bay, FL 32908.

5. During all times material hereto, Defendant, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

6. During all times material hereto, Defendant was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

## JURISDICTION AND VENUE

7. The acts and/or omissions giving rise to this dispute took place within Brevard County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant regularly transacts business in Brevard County, Florida, and operates its principal location out of Brevard County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant is communications cabling company which installs fiber optic cables for telecommunication companies and businesses throughout Central Florida.

11. Defendant also provides computer, network, electric and business systems support to its clients.

12. Defendant has been operating in the State of Florida since at least 2017.

13. Plaintiff worked for Defendant from November 2017 until his wrongful discharge on or about February 26, 2021.

## FLSA COVERAGE

14. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant was engaged in interstate commerce by virtue of the fact that Defendant's business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

15. During his employment with Defendant, Plaintiff and other employees handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, cables, vans, automobiles, wirings, telecommunication equipment, pens, notepads, fiber optic cables, computers, cellular telephones, order forms, and other office related items.

16. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

17. Defendant grossed or did business in excess of $500,000.00 per year in the years 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2020.

18. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the

maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently installed and performed maintenance work on telephone systems and fiber optic cables which were regularly and recurrently used in interstate commerce.

19. During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

## **PLAINTIFF'S WORK FOR DEFENDANT**

20. Plaintiff installed fiber optic cables and telecommunication systems for Defendant during all times material hereto.

21. Defendant paid Plaintiff $20.00 per hour during his employment period.

22. Plaintiff worked approximately forty-four (44) hours per week.

23. However, Defendant paid Plaintiff $20.00 per hour for all of the work Plaintiff performed, regardless if he worked more than forty (40) hours in a workweek.

24. Defendant failed to pay federally mandated overtime wages at time-and-one-half his regularly hourly rate for the work he performed above forty (40) hours per week.

25. On February 26, 2021—during the COVID-19 pandemic—Plaintiff sent Defendant a text message requesting proper overtime wages for his work above forty (40) hours during the previous workweek. Plaintiff also requested that Defendant pay him for his travel time between Defendant's principal location and work sites.

26. Defendant refused to pay Plaintiff and fired him on February 26, 2021 for insisting that Defendant pay him his federally mandated overtime wages.

27. Defendant would not have fired Plaintiff if he did not request overtime wages.

28. The close proximity of Plaintiff's complaints and his termination gives rise to the presumption that he was terminated because of complaining about Defendant's illegal overtime wage practices.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Defendant failed to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for certain hours worked in excess of forty (40) per week.

31. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA.

32. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

33. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

34. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MICHAEL MCGUIRE JR., respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JEFFREY HAYNES d/b/a THE WIRING GUYS, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT II – WRONGFUL DISCHARGE UNDER THE FLSA
## IN VIOLATION OF *29 U.S.C. § 215(a)(3)*

35. Plaintiff re-avers and re-alleges Paragraphs 1 through 28 above as though fully set forth herein.

36. Pursuant to *29 U.S.C. § 215(a)(3)*, it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

37. On February 26, 2021, Plaintiff text messaged Defendant to request overtime wages for the work he performed in the previous workweek.

38. On February 26, 2021, Defendant refused to pay Plaintiff his accrued overtime wages and fired him through text message.

39. A direct causal relationship exists between Plaintiff asserting his rights under the FLSA and his abrupt termination immediately thereafter.

40. Any other justification for termination cited by Defendant is mere pretext in an attempt to cover up the true intention behind Defendant's unlawful actions.

41. Defendant would not have fired Plaintiff if he did not insist that Defendant pay him his accrued overtime wages on February 26, 2021.

42. Plaintiff had a good faith belief that Defendant committed overtime violations when he complained to Defendant about Defendant's overtime practices on February 26, 2021.

43. As a direct result of Defendant's conduct, Plaintiff has suffered loss of back pay, loss of front pay, loss of reputation, and emotional damages, and has been otherwise damaged in amount to be proven at trial.

44. Plaintiff has attempted to mitigate his damages but has been unable to find comparable employment to date because of difficulties brought on by the COVID-19 pandemic.

WHEREFORE, Plaintiff, MICHAEL MCGUIRE JR., respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JEFFREY HAYNES d/b/a THE WIRING GUYS, and award Plaintiff: (a) back pay; (b) front pay; (c) liquidated damages; (d) damages for loss of reputation, garden variety emotions distress and humiliation; (e) reasonable attorney's fees and costs; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MCGUIRE JR., demands a trial by jury on all appropriate claims.

**Dated this 2nd day of March 2021.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 E. Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        *Jordan@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 2, 2021.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## SERVICE LIST: